# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ROBERT W. ROSSON,           )
        Movant,              )
                                    )
   vs.                          )  Case No.  07-00399-CV-W-FJG
                                    )  Crim. No. 05-00080-01-CR-W-FJG
                                    )
UNITED STATES OF AMERICA,    )
        Respondent.          )

# ORDER

Currently pending before the Court is movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and movant's motion to appoint counsel (Doc. No. 5). Movant challenges his sentence based upon three grounds: (1) movant's guilty plea was unlawful or involuntary without the understanding of the charge or the consequences of his guilty plea; (2) the federal sentencing guidelines were calculated incorrectly which resulted in a longer sentence; and (3) movant was denied effective assistance of counsel because his attorney did not convey the facts of the case to the court, which resulted in a much harsher sentence.

Respondent argues movant forfeited his right to appeal and challenge his sentence or conviction when he agreed to the terms of his plea agreement. Thus, respondent asserts that movant is precluded from the Court considering his claims to set aside his sentence. Respondent contends that the transcript record from movant's change of plea hearing demonstrate movant's understanding of the consequences of his guilty plea. Finally, respondent asserts that even if movant is allowed to challenge his sentence, his claims fail as a matter of law.

For the reasons stated below, the Court will **DENY** movant's motion to vacate, correct, or set aside his sentence.

## I. LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919 (1993)).

## II. DISCUSSION

**A.  Movant's Motion to Vacate, Correct, or Set Aside under Section 2255**

The Eighth Circuit holds that a defendant may waive Section 2255 collateral-attack rights in a plea agreement. See United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc). The Government must establish the following: (1) the issues raised by defendant on appeal or post-conviction relief fall within the scope of the waiver, (2) the plea agreement and the waiver was entered into knowingly and voluntarily, and (3) the enforcement of the waiver would not constitute a miscarriage of justice. Id. Paragraph 18

2

of movant's plea agreement contains the following language in regards to appellate and post-conviction rights:

> a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilty following the acceptance of this plea agreement.
>
> b. The defendant waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

The Court finds that the issues raised by movant fall within the scope of the above waiver and that the enforcement of the waiver would not constitute a miscarriage of justice. However, whether movant entered into the plea agreement or waiver knowingly and voluntarily requires more analysis.

Movant challenges his guilty plea because it was unlawful or involuntary in that it was made without the understanding of the charge or the consequences of his guilty plea. Movant asserts he was not aware that he was pleading guilty "for [a] crime more substantial than [his] actions." The record in this case conclusively demonstrates movant's understanding of the consequences of his guilty plea:

> The Court: You heard the statutory range of punishment for this offense?
> Movant: Yes, sir.
> The Court: Is that consistent with your understanding?
> Movant: Yes, sir.
> The Court: And having had these discussions with your counsel, is it your decision to plead guilty today to this offense?
> Movant: Yes, sir.

3

The Court even asked movant if he had sufficient time to discuss the plea agreement with his counsel and if he needed more time to review and discuss the agreement. At no time did movant object or indicate any misunderstandings he had about entering a guilty plea. The Court also covered with movant during the plea hearing the rights that he waived by pleading guilty and movant's counsel summarized each paragraph of the plea agreement in further detail. In fact, movant's counsel specifically summarized Paragraph 18 of the plea agreement and movant made no objections:

> [t]here is an appellate waiver that Mr. Rosson is expressly waiving his right to appeal unless he gets a sentence that is in excess of the statutory maximum or an illegal sentence, that is, a sentencing error more serious that a misapplication of the sentencing guidelines, an abuse of discretion or unreasonable sentence.

Further, even if movant relied on his attorney's impression about the length of his sentence, "[a] defendant's reliance on an attorney's mistaken impression about the length of a sentence is insufficient to render his plea involuntary" as long as movant is informed of the maximum possible sentence. See Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990). The record reflects that the movant was informed.

The Court determined at movant's plea hearing that movant understood the charge against him and the consequences of his plea and that his decision to plead guilty was made freely and voluntarily. The Court again finds that movant's plea was made knowingly and voluntarily and there is no evidence to support otherwise. Therefore, because movant's plea was made knowingly and voluntarily, the waiver in the plea agreement is binding on movant and precludes him from challenging his sentence.[1] The Court concludes

---

[1] Movant fails to argue that his challenge to his sentence falls into one of the exceptions in his plea agreement. Even if movant raised these objections, there is no

4

the waiver is binding and movant is precluded from exercising his post-conviction rights; thus the Court will not consider movant's claims.[2]

Lastly, movant claims he was denied effective assistance of counsel because his counsel did not convey the facts of the case to the court, which resulted in a much harsher sentence. While a defendant may waive his post-conviction rights pursuant to a plea agreement, "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue... that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." See Deroo v. United States, 223 F.3d 919, 924 (8th Cir. 2000). If there is an explicit waiver of Sixth Amendment right to counsel, which explains the concept of ineffective assistance of counsel and the basic ramifications, then such a waiver would suffice and defendant would be precluded from asserting any ineffective assistance of counsel claims. See Chesney v. United States, 367 F.3d 1055, 1059 (8th Cir. 2004). However, there is no such waiver in movant's plea agreement. Thus, the Court will consider movant's ineffective assistance of counsel claim.

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the

---

evidence that movant's sentence was illegal or would result in "manifest injustice."

[2] Movant's second contention is that the federal sentencing guidelines were calculated incorrectly which resulted in a longer sentence. Even if the plea agreement waiver did not preclude movant from asserting this claim, movant's claim would still fail. The Court agrees with Respondent that movant's argument is couched as a denial of the crimes charged rather than a substantive attack on the Sentencing Guidelines. Movant cannot now deny or challenge the crimes he was charged for after he voluntarily signed and entered a plea of guilty.

5

performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Further, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

The Court has reviewed respondent's response in opposition to movant's § 2255 motion (Doc. No. 3) and movant's reply (Doc. No. 5). The Court agrees with respondent that movant cannot satisfy an ineffective assistance of counsel claim. None of the prongs have been satisfied. The Court finds there is no evidence that movant's counsel failed to inform movant of his rights or failed to present crucial facts to the court. First, at the sentencing hearing, defense counsel brought forth many crucial facts to the Court such as his substance abuse problems, his lack of a criminal history, his work background, his HIV positive status, and the need for a 500-hour drug treatment program. Second, movant's counsel also requested a safety valve reduction, which reduced movant's sentencing range from the statutorily mandated minimum sentence of 120 months' imprisonment to 70 months' imprisonment. The Court cannot conclude that movant's counsel failed to represent him effectively when his counsel secured him a lesser sentence.

Finally, movant expressed no concerns at the plea hearing about his legal representation. The Court asked:

6

> The Court: And, Mr. Rosson, are you satisfied with the legal representation Mr. Poindexter [counsel] has provided to you?
> Movant: Yes.
> The Court: Has he failed or refused to do anything you have asked him to do?
> Movant: No.

Additionally, the Court inquired about whether movant's counsel informed him of his options.

> The Court: And did you discuss with Mr. Rosson the pros and cons of pleading guilty vs. going to trial on this matter?
> Counsel: I did, your Honor.
> The Court: Would you agree with that, Mr. Rosson?
> Movant: Yes, sir.

Under the second prong of the Strickland test, even if an error by counsel is unreasonable, the judgment should not be set aside unless it would have changed the outcome of the trial. Strickland, 466 U.S. at 691-92, 104 S.Ct. at 2066-67. The Court notes that movant presents no evidence in his motion of which specific facts his counsel should have presented that would have resulted in a reduced sentence. Rather movant's primary claim is that if counsel informed him of the consequences, he would not have pled guilty. However, there is no evidence counsel did not inform movant of the consequences or that presentation of more facts would have changed the outcome. Therefore, even if the conduct of movant's attorney could be considered unreasonable, the outcome would remain the same and thus, movant's ineffective assistance of counsel claim fails.

For the foregoing reasons, movant's motion to vacate, correct, or set aside his sentence (Doc. No. 1) is **DENIED**. The Court concludes that no evidentiary hearing is necessary because the record affirmatively refutes the factual assertions upon which the claim is based. Shaw, 24 F.3d at 1043.

7

**B.     Movant's Motion to Appoint Counsel (Doc. No. 5)**

Movant requested in his reply (Doc. No. 5) that the Court appoint him counsel to handle his motion pursuant to 28 U.S.C. § 2255. The Court previously denied movant's motion to appoint counsel as moot on May 15, 2007 (Doc. No. 44) because movant had not yet filed a Section 2255 motion but rather had filed a direct appeal to the Eighth Circuit, which was dismissed on April 24, 2007. Because the movant has filed a Section 2255 motion, the Court will consider movant's motion to appoint counsel. Appointment of counsel in 28 U.S.C. § 2255 proceedings is not a matter of right. Instead, if an evidentiary hearing is required or if the appointment of counsel is required for the fair representation of movant's claims, then appointment of counsel is necessary. See United States v. Vasquez, 7 F.3d 81, 84 (5th Cir. 1993). Since the Court has denied movant's Section 2255 motion and found that no evidentiary hearing was necessary, appointment counsel is not required. Therefore, movant's motion to appoint counsel (Doc. No. 5) is **DENIED**.

## III.  CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and movant's motion to appoint counsel (Doc. No. 5) is **DENIED**

**IT IS SO ORDERED.**

Date:   8/17/07           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
                          Chief United States District Judge